UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| JOE NATHAN TAYLOR,<br><br>    Petitioner,<br><br>    v.<br><br>F. GONZALEZ,<br><br>    Respondent. | No. CV 09-04276-GHK (VBK)<br><br>MEMORANDUM AND ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS |

On June 15, 2009, Joe Nathan Taylor (hereinafter referred to as "Petitioner") filed a "Petition for Writ of Habeas Corpus by a Person in State Custody" pursuant to 28 U.S.C. §2254 in the United States District Court for the Central District of California.[1] Petitioner pled guilty to violating California Penal Code ("PC") §286(d),

---

[1] The Court takes notice that Petitioner signed and verified his Federal Petition on May 28, 2009. Under the "mailbox rule" of Houston v. Lack, 487 U.S. 266 (1988), an incarcerated pro se prisoner's Notice of Appeal is deemed filed at the moment of delivery to prison authorities for mailing to the Court. The "mailbox rule" has been extended to both state and federal habeas petitions for purposes of satisfying the AEDPA limitations. See Miles v. Prunty, 187 F.3d 1104, 1106 n.2 (9th Cir. 1999), opining in dicta that the "mailbox rule would apply to a [state prisoner's] habeas petition and that a majority of our sister circuits have determined that the rule applies to habeas petitions filed under AEDPA."

forcible sodomy, in January of 1989. Petitioner was sentenced to five years in prison. (Petition at 2.)[2] Petitioner did not file an appeal in the California Court of Appeal nor a Petition for Review in the California Supreme Court. Id. at 2-3.

Petitioner filed a habeas petition in the Los Angeles County Superior Court which was denied on May 12, 2009. (Petition at 4.)

Petitioner has raised the following five claims in the within Petition: "(1) ineffective assistance of counsel; (2) the court did not warn of possible sex offender registration nor did the court require or indicate in a minute order or abstract of judgment; (3) had [Petitioner] known or been advised of sex offender registration and admission to a sex act [Petitioner] would not have changed plea to that of guilty; (4) [Petitioner] was not advised that guilty plea would reflect forcible sodomy but a 'package deal' all defendants must take dismissing eight additional charges; and (5) because it waives numerous constitutional rights a guilty plea must be knowing, intelligent and voluntary." (See Petition at 5-6.)

It appears conclusively from the face of the Petition that state remedies have not been exhausted. There is no indication in the Petition whatsoever that the California Court of Appeal or California Supreme Court have been given an opportunity to rule on Petitioner's contentions. (Id. at 5-6)

---

[2] The Court takes judicial notice of its own files and records. See Mir v. Little Company of Mary Hospital, 844 F.2d 646, 649 (9th Cir. 1988). On December 29, 2008, Petitioner filed a habeas petition in the United States District Court for the central District of California entitled Taylor v. Gonzales, which was given Case No. CV 08-08602-GHK (VBK). On January 13, 2009, United States District Judge George H. King issued a Memorandum and Order Dismissing the Petition for Writ of Habeas Corpus on the grounds that Petitioner had failed to exhaust his state remedies.

1  A federal court will not review a state prisoner's petition for writ of habeas corpus unless it appears that the prisoner has exhausted available state remedies on each and every claim presented. 28 U.S.C. § 2254(b) and (c); Carothers v. Rhay, 594 F.2d 225, 228 (9th Cir. 1979); see Rose v. Lundy, 455 U.S. 509, 522 (1982). "For reasons of federalism, 28 U.S.C. § 2254 requires federal courts to give the states an initial opportunity to correct alleged violations of its prisoners' federal rights." Kellotat v. Cupp, 719 F.2d 1027, 1029 (9th Cir. 1983).

Exhaustion requires that the prisoner's contentions be fairly presented to the highest court of the state. Carothers, supra, 594 F.2d at 228; see Allbee v. Cupp, 716 F.2d 635, 636-37 (9th Cir. 1983). A claim has not been fairly presented unless the prisoner has described in the state court proceedings both the operative facts and the federal legal theory on which his claim is based. See Anderson v. Harless, 459 U.S. 4, 6 (1982); Pappageorge v. Sumner, 688 F.2d 1294 (9th Cir. 1982), cert. denied, 459 U.S. 1219 (1983).

Accordingly, it is **ORDERED** that the Petition be dismissed without prejudice.

DATED: 6/18/09

GEORGE H. KING
UNITED STATES DISTRICT JUDGE

Presented this 17th day of June, 2009 by:

/s/
VICTOR B. KENTON
UNITED STATES MAGISTRATE JUDGE

3